✎Local AO 241 (Rev. 11/08)            Page 1

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: North Dakota |
|---|---|

| Name (under which you were convicted): Larry Froistad | Docket or Case No.: |
|---|---|

| Place of Confinement: Wyoming Medium Correctional Institute, Torrington, WY 82240 | Prisoner No.: 19666 |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent(s) (authorized person having custody of petitioner) |
|---|---|
| Larry Froistad | v. Michael Pacheco, Warden, WMCI |

The Attorney General of the State of Wyoming, Bridget Hill

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   State of North Dakota District Court, County of Bowman, Southwest Judicial District, 104 1st St. NW
   Bowman, ND 58623

   (b) Criminal docket or case number (if you know): 06-98-K-29 (North Dakota)

2. (a) Date of the judgment of conviction (if you know): October 15, 1998

   (b) Date of sentencing: October 8, 1998

3. Length of sentence: 40 years, 10 years suspended on conditions

4. In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Murder, Class AA, in violation of North Dakota Century Code Section 12.1-16-01(a)

6. (a) What was your plea? (Check one)

   ☐ (1) Not guilty      ☐ (3) Nolo contendere (no contest)
   
   ☒ (2) Guilty      ☐ (4) Insanity plea

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

✎Local AO 241 (Rev. 11/08)  Page 2

_____

_____

_____

    (c) If you went to trial, what kind of trial did you have? (Check one)

        ❏ Jury    ❏ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

        ❏ Yes    ☒ No

8.  Did you appeal from the judgment of conviction?

        ❏ Yes    ☒ No

9.  If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?    ❏ Yes    ☒ No

    If yes, answer the following:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Result: _____

_____

    (4) Date of result (if you know): _____

    (5) Citation to the case (if you know): _____

    (6) Grounds raised: _____

_____

_____

✎Local AO 241 (Rev. 11/08)                      Page 3

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): 

(2) Result: 

(3) Date of result (if you know): 

(4) Citation to the case (if you know): 

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☒ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: State of North Dakota District Court, County of Bowman, Southwest Judicial District

(2) Docket or case number (if you know): 06-00-C-22 (North Dakota)

(3) Date of filing (if you know): June 15, 2000

(4) Nature of the proceeding: Post-conviction relief application

(5) Grounds raised: SEE ATTACHED PETITION

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☒ Yes ☐ No

(7) Result: Application denied

(8) Date of result (if you know): March 29, 2001

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: State of North Dakota District Court, County of Bowman, Southwest Judicial District

(2) Docket or case number (if you know): 06-2012-CV-4 (North Dakota)

(3) Date of filing (if you know): Jan. 17, 2012

(4) Nature of the proceeding: Post-conviction relief application

(5) Grounds raised: SEE ATTACHED PETITION

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☒ No

(7) Result: Application denied

(8) Date of result (if you know): Oct. 10, 2012

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: State of North Dakota District Court, County of Bowman, Southwest Judicial District

(2) Docket or case number (if you know): 06-2020-CV-13 (North Dakota)

(3) Date of filing (if you know): Jan. 16, 2020

(4) Nature of the proceeding: Post-conviction relief application

(5) Grounds raised: SEE ATTACHED PETITION

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☒ Yes  ☐ No

(7) Result: Application denied

(8) Date of result (if you know): Oct. 9, 2020

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☒ Yes  ☐ No

(2) Second petition:  ☒ Yes  ☐ No

　　　　(3) Third petition:　　☒ Yes　　☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.　For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**　Actual innocence, pursuant to McQuiggin v. Perkins, 569 U.S. 383 (2013), and related cases

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
SEE ATTACHED PETITION

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) **Direct Appeal of Ground One:**

　　(1) If you appealed from the judgment of conviction, did you raise this issue?　☐ Yes　☐ No

　　(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

　　(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

　　　　☒ Yes　　☐ No

　　(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:　Motion to withdraw guilty plea, pursuant to N.D.C.C. sec. 29-32.1

Name and location of the court where the motion or petition was filed:　State of North Dakota District Court,


Local AO 241     Page 6
(Rev. 11/08)

Southwest Judicial District, County of Bowman, 104 1st St. NW, Bowman, ND 58623

Docket or case number (if you know): 06-2020-CV-13

Date of the court's decision: October 9, 2020

Result (attach a copy of the court's opinion or order, if available): SEE ATTACHED, Ex. 21

(3) Did you receive a hearing on your motion or petition?  ☒ Yes  ☐ No
(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: North Dakota Supreme Court, 600 E. Boulevard Ave., Dept. 110, Bismarck, ND 58505

Docket or case number (if you know): No. 20200274

Date of the court's decision: May 20, 2021

Result (attach a copy of the court's opinion or order, if available): SEE ATTACHED, Ex. 23

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Local AO 241 (Rev. 11/08)

Page 7

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ❐ Yes   ❐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐ Yes   ❐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?   ❐ Yes   ❐ No
(4) Did you appeal from the denial of your motion or petition?   ❐ Yes   ❐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❐ Yes   ❐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____
_____
_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two _____

_____
_____
_____

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____
_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❏ Yes    ❏ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏ Yes    ❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

✎Local AO 241 (Rev. 11/08)  Page 9

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

**GROUND FOUR:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

≋Local AO 241 (Rev. 11/08)   Page 10

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____
_____
_____
_____

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ❏ Yes   ❏ No

(2) If you did not raise this issue in your direct appeal, explain why: _____
_____

(d) **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
 ❏ Yes   ❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____
_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

(3) Did you receive a hearing on your motion or petition?   ❏ Yes   ❏ No
(4) Did you appeal from the denial of your motion or petition?   ❏ Yes   ❏ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏ Yes   ❏ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____
_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

✎Local AO 241 (Rev. 11/08)　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

　　(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?　☒ Yes　☐ No

　　If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

　　(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?　☒ Yes　☐ No

　　If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.　U.S. District Court, District of North Dakota, No. 1:02-cv-83, on petition for writ of habeas corpus, involuntary plea, Feb. 27, 2003, petition dismissed. See attached, Ex. 24.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing:

    (b) At arraignment and plea:   T.L. Secrest, North Dakota; Vincent R. Ross, San Diego, CA

    (c) At trial:

    (d) At sentencing:   T.L. Secrest, North Dakota; Michaela Curran, The Curran Law Firm, 4225 Executive Square #600, La Jolla, CA 92037

    (e) On appeal:

    (f) In any post-conviction proceeding:   Monte Rogneby, Vogel Law Firm, 200 N. 3rd St. Suite 201, Bismarck, ND 58501

    (g) On appeal from any ruling against you in a post-conviction proceeding:   Monte Rogneby, Vogel Law Firm, 200 N. 3rd St., Suite 201, Bismarck, ND 58501; Benjamin C. Pulkrabek, 402 First St. N.W., Mandan, ND 58554

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☒ Yes   ☐ No

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
    United States District Court for the District of North Dakota, Bismarck, ND

    (b) Give the date the other sentence was imposed:   October 20, 1998

    (c) Give the length of the other sentence:   188 months

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

Local AO 241 (Rev. 11/08)          Page 13

       future?     ☒ Yes     ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

SEE ATTACHED PETITION. In short, under McQuiggin v. Perkins, 569 U.S. 383 (2013), "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." McQuiggen, 569 U.S. at 392. Similarly, the Eighth Circuit has held that "a petitioner who can show actual innocence can get his constitutional claims considered on their merits even if he cannot show cause and prejudice" why his claim is otherwise procedurally defaulted. Flanders v. Graves, 299 F.3d 974, 977 (8th Cir. 2002).

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

     (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

     (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

Local AO 241 Page 14
(Rev. 11/08)

      (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: __A finding that the petitioner is actually innocent, and therefore release from custody.__

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Attorney Steven R. Morrison represents the petitioner, and is filing this petition on his behalf.